**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

MATTHEW JONES

        v.                                         Case No. 25-cv-145-SM-TSM

NH POLICE DEPARTMENT

<u>**REPORT AND RECOMMENDATION**</u>

Appearing pro se and in forma pauperis, plaintiff, Matthew Jones, filed a Complaint (Doc. No. 1) against a defendant he identifies as the "NH Police Department." The Complaint is before this court for preliminary review under 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2). For the reasons stated below, the district judge should dismiss this matter.

**LEGAL STANDARD**

The court screens complaints filed by plaintiffs proceeding in forma pauperis to determine whether they assert any non-frivolous claim upon which relief might be granted, seek monetary relief from any defendant who is immune, or invoke this court's jurisdiction. <u>See</u> 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2). The court construes the pleadings of pro se parties liberally. <u>See</u> <u>Erickson v. Pardus, 551 U.S. 89, 94 (2007)</u>.

Claims may be dismissed as frivolous if they are "based on an indisputably meritless legal theory" or are founded on "clearly baseless" factual contentions. <u>Neitzke v. Williams, 490 U.S. 319, 327 (1989)</u>; <u>see also</u> <u>Denton v. Hernandez, 504 U.S. 25, 33 (1992)</u> ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible").

This court has discretion under 28 U.S.C. § 1915(e)(2) to dismiss a matter based on an

affirmative defense that is conclusively established by the allegations in the Complaint.  See Gleash v. Yuswak, 308 F.3d 758, 760 (7th Cir. 2002) (dismissal permissible if applicability of affirmative defense is so plain based on language of complaint that it makes that the case frivolous); cf. Gray v. Evercore Restructuring LLC, 544 F.3d 320, 324 (1st Cir. 2008) (court may grant motion to dismiss based on affirmative defense if facts alleged in complaint, or matters susceptible of judicial notice, conclusively establish elements of affirmative defense).

## DISCUSSION

The Complaint describes events that plaintiff says occurred over the course of two days when he was camping with an acquaintance in New Hampshire more than fifteen years ago.  He claims that a police gang carrying incurable disease agents burst into his tent, raped him, beat him, and tried to kill him with poison and diseases endemic to police officers.  The allegations appear to be the product of delusions.  They do not give rise to any nonfrivolous claim.

Furthermore, New Hampshire has a three-year statute of limitations for tort claims. See N.H. Rev. Stat. Ann. (RSA) 508:4.  That statute of limitations applies to claims of civil rights violations under 42 U.S.C. § 1983 based on events that occurred in New Hampshire.  See Gilbert v. City of Cambridge, 932 F.2d 51, 57 (1st Cir. 1991).  Plaintiff alleges that the events at issue in the Complaint occurred in 2009.  Thus, the statute of limitations plainly precludes relief.

## CONCLUSION

The district judge should dismiss this case for failure to state any nonfrivolous claim upon which relief can be granted.  Then, the clerk should enter judgment and close the case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  The objection period may be extended upon motion.  Failure to file any

objection within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).  Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'"  Id. (citations omitted).

Talesha L. Saint-Marc
United States Magistrate Judge

April 16, 2025

cc:    Matthew Jones, pro se